# WILLIAM BILLINGS

*v.*

# WILLIAM LAFFERTY.

1. PLEADING—*averment.* In an action of trespass on the case against a clerk of the Circuit Court for approving a bond given upon an appeal from the judgment of a justice of the peace, which provides an insufficient penalty, the averment that he did so, "contriving, and wrongfully and unjustly intending to injure the plaintiff, and to deprive him of the benefit of" a judgment which he had obtained on the appeal, is a sufficient allegation that the act was done willfully and maliciously.

2. CASE—*when it will lie. Semble,* that an action of trespass on the case will lie against the clerk of a Circuit Court, who wrongfully approves an appeal bond which provides a penalty less than is required by law.

3. APPEAL BOND—*penalty—forcible detainer. Semble,* an appeal bond given upon an appeal to the Circuit Court, taken by the defendant in an action for forcible detainer, should be in a penalty sufficient to secure the payment, not only of the costs of the suit, but also the rents becoming due from the commencement of the suit until the final determination thereof.

Billings v. Lafferty.

WRIT OF ERROR to the Circuit Court of Warren county.

Billings instituted his action of trespass on the case in the court below, against Lafferty, setting forth in his declaration that the plaintiff had previously thereto obtained a judgment before a justice of the peace, against one Thorn, in an action of forcible detainer, for the possession of certain described premises; and that a writ of restitution was therein awarded. That Thorn afterwards, upon taking an appeal from such judgment, to the Circuit Court of Warren county, executed a bond with certain sureties, in the penalty of forty dollars, conditioned as the law requires in such cases, which bond was then presented by Thorn to the defendant, Lafferty, who was then acting clerk of the said Circuit Court, for his approval or rejection thereof.

It is averred in the declaration, that the penalty of forty dollars set forth in such appeal bond was not double the amount of the judgment and costs in the cause determined by the justice, as required by the statute, and was not sufficient to indemnify or satisfy the plaintiff in any judgment which might be rendered in his favor by the Circuit Court, upon the dismissal or trial of said appeal; and was insufficient to indemnify or satisfy the plaintiff for the rents accruing to him upon the premises, from the commencement to the final determination of the suit for forcible detainer.

And, although it was the duty of the defendant, as clerk of the Circuit Court, to have rejected such insufficient bond; "Nevertheless, the said defendant, so being clerk as aforesaid, not regarding his official duty in that behalf, but contriving, and wrongfully and unjustly intending to injure the said plaintiff, and deprive him of the benefit of his said judgment before said justice, and whatever judgment the said Circuit Court might render in his behalf, and of the means of obtaining satisfaction for whatever judgment might be rendered by said Circuit Court in his behalf, and the rents becoming due from the commencement of said suit until the final determination thereof, as aforesaid, did not, nor would reject the said

bond, but, on the contrary, wrongfully and injuriously approved, accepted and filed the same," etc.

The declaration concludes by setting forth that the Circuit Court dismissed the appeal taken by Thorn, and entered a judgment against him for costs, amounting to twenty-five dollars and thirty-one cents, and that the rents which had accrued from the commencement of the suit before the justice to the time of the dismissal of the appeal in the Circuit Court, amounted to two hundred and forty dollars, which amounts the plaintiff had been unable to make, except the said sum of forty dollars, the penalty of the bond, by reason of the total insolvency of Thorn, which existed at the time the bond was approved, and hitherto, etc.

There was a general demurrer to the declaration; the court sustained the demurrer, and the plaintiff abiding by his declaration, final judgment was rendered against him for costs; and upon that judgment he brings this writ of error.

It is assigned for error, that the court below erred in sustaining the demurrer to the declaration.

Mr. A. G. KIRKPATRICK, for the plaintiff in error, contended that the defendant, in approving the bond, acted in a *ministerial*, not a judicial capacity; that the statute gave him no discretion as to the amount of the penalty of the bond, requiring it to be in twice the amount of the judgment and costs.

This case is distinguishable from that of an official act of a public officer, or an act of a ministerial officer, where the law has invested such officer with a discretion in regard to the act done.

2. The question of malice or willfulness does not arise here. Not having rejected the bond, as was his duty under the law, the defendant is liable to respond in damages for the injury resulting from his breach of duty, whether the act was done in good faith or maliciously and willfully. *Tracy et al.* v. *Swartwout,* 10 Peters, 95; *Briggs* v. *Wardwell,* 10 Mass. 356; *Tompkins* v. *Sands,* 8 Wend. 462; Vermont R. (2 Tyler,) 177; *Hardison* v. *Jordan,* Cam. & Nor. (N. Car.) 454; *Miller* v. *Sanderson,* 10 Cal. 489; 1 Chitty's Pl. 389.

3. If it be necessary to show willfulness and corruption on the part of the defendant, the averment in the declaration that "not regarding his official duty, but contriving, and wrongfully and unjustly intending to injure said plaintiff, and deprive him of the benefit of his said judgment," etc., is sufficient for that purpose. *Lusk* v. *Carlin*, 4 Scam. 395; *Napper et al.* v. *Short*, 17 Ill. 120; *Flack* v. *Harrington*, Breese, 165; *Tompkins* v. *Sands*, 8 Wend. R. 462; 1 East, 555 (271) and note (274 and 276); 1 Chitty's Pl. 391.

4. When the declaration is founded on an obligation of law unconnected with any contract between the parties, it is sufficient to state very concisely the circumstances which gave rise to the defendant's particular duty or liability; as in actions against sheriffs, carriers, etc. 1 Chitty's Pl. 291, 383.

Mr. GEORGE F. HARDING, for the defendant in error, insisted that the act of the clerk in approving a bond which provided a penalty in less than double the amount of the judgment from which the appeal was taken, and costs, was not such a violation of duty as would give the plaintiff a right of action against him, because the penalty required, is to secure the payment of the judgment and costs, and that was sufficient here, the costs being less than the amount of the penalty. Rev. Stat. 1845, ch. 59, sec. 59.

2. It is not necessary that the appeal bond in the case of forcible detainer, should provide a penalty in an amount which will be double the value of the rents which might accrue during the pendency of the suit.

3. But if it were the duty of the clerk to demand a bond of sufficient penalty to cover the accruing rents, then he was vested with a discretion as to the amount, which would constitute the act of approval, a *judicial*, not a ministerial act. So no action would lie. *People* v. *Percells*, 3 Gilm. 63; *Tompkins* v. *Sands*, 8 Wend. 469.

4. The *gist* of this action would seem to be in the willful violation of duty. The general averment of "wrongfully and unjustly intending" to injure, etc., is not sufficient. These are general words, and like the words "suspiciously," "duly,"

"lawfully," they seldom avail in pleading. 1 Chitty's Pl. 235. There should be a clear and distinct charge that the act was done maliciously and willfully. *Saxon* v. *Castles*, 8 Ad. & E. 652; *Drewe* v. *Coulton*, 1 East, 563, note *b*; *Harman* v. *Tappenden et al.*, 1 East, 555; 11 Johns. 114; 8 Cowen, 185; *Tompkins* v. *Sands*, 8 Wend. 468.

Mr. Chief Justice Caton delivered the opinion of the Court.

Admitting that it was necessary for the plaintiff to show in the declaration that the defendant did the act willfully and maliciously, in order to maintain the action, we think these averments amount to that. The language of the declaration is, "contriving, and wrongfully and unjustly intending, to injure the plaintiff, and to deprive him of the benefit of his said judgment," etc. Now if this be true, he acted both maliciously and willfully. If he accepted this bond for the purpose, wrongfully and unjustly, of depriving the plaintiff of his rights, this was the very essence of malice. And such is the substance of this averment. We think the demurrer should have been overruled. The judgment is reversed, and the cause remanded, with leave to the defendant to plead.

*Judgment reversed, and cause remanded.*